IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENRICK SHERN WILKERSON, #1885146 §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>WILLIAM STEPHENS, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Div., §<br>Respondent. § | | 3:14-CV-2046-B-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was automatically referred to the magistrate judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, it is recommended that the petition be summarily dismissed.[1]

On June 5, 2014, Petitioner filed this habeas corpus petition challenging the "denial of a state petition for expunction of arrest records" in *State v. Wilkerson*, Cause Nos. F10-01182 and F10-01185 (Crim. Distr. Court No. 3, Dallas County, Texas).  [Doc. 2 at 2].  In essence, he asserts he was never arrested or arraigned, and that the Dallas County District Clerk refused to file an appeal after his petition was denied in August 2013.  [Doc. 2 at 6-8].  However, both criminal cases were dismissed on December 30, 2010, on motion of the District Attorney as reflected on the Dallas County website.

---

[1] Contrary to the assertions in Petitioner's August 26, 2014 correspondence [Doc. 18], the Court has not received the $5 filing fee for this case.  Nevertheless, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.

Because Petitioner is not currently in custody pursuant to a judgment of a state court with respect to Cause Nos. F10-01182 and F10-01185, the Court lacks jurisdiction to consider his habeas petition.  See 28 U.S.C. § 2254(a) (a federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added); *see also* Maleng v. Cook, 490 U.S. 488, 490 (1989).

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for want of jurisdiction.[2]

SIGNED August 28, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is presently incarcerated based on the December 17, 2010 convictions for compelling prostitution, sexual assault of a child, and sexual performance of a child, for which he was sentenced to eight years imprisonment for each offense. *See Wilkerson v. State,* Cause Nos. F08-60213, F10-01183, and F10-01184 (195th Judicial District Court 2010), *aff'd*, Nos. 05-11-00060-CR, 05-11-00061-CR, & 05-11-00062-CR, 2012 WL 2877623 (Tex. App. – Dallas July 16, 2012, pet. ref'd).  A federal petition challenging those convictions is currently pending.  *See Wilkerson v. Stephens*, No. 3:14-cv-476-P-BK (N.D. Tex. Feb. 7, 2014).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE